IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

**CHESTER FINANCIAL SERVICES,**       )
                                      )
    **Plaintiff,**                    )
                                      )
**v.**                                )       No. 05-2436 Ml/V
                                      )
**LIGHT BULB DEPOT ENTERPRISES,**     )
**INC., et al.,**                     )
                                      )
    **Defendants.**                   )
                                      )
_____

**ORDER GRANTING MOTION FOR ENTRY OF DEFAULT
AND SETTING HEARING ON MOTION FOR DEFAULT JUDGMENT
AND PERMANENT INJUNCTION**
_____

    Before the Court is Plaintiff's Motion for Default Judgment and Entry of Permanent Injunction, filed December 21, 2005. Plaintiff moves for a default judgment pursuant to Federal Rule of Civil Procedure 55 against Defendant Light Bulb Depot Enterprises, Inc. ("Light Bulb") on the grounds that Defendant Light Bulb was served on or about June 17, 2005,[1] and has not filed a responsive pleading in this case.  Rule 55(a) provides:

> When a party against whom a judgment for affirmative
> relief is sought has failed to plead or otherwise
> defend as provided by these rules and that fact is
> made to appear by affidavit or otherwise, the clerk
> shall enter the party's default.

Fed. R. Civ. P. 55(a).  A review of the docket sheet in this case indicates that Defendant Light Bulb has failed to appear, plead, or otherwise defend this action.  Accordingly, a default is

---

[1] Plaintiff's Complaint was filed the same day.

entered against Defendant Light Bulb.

Plaintiff also moves this Court to enter a judgment by default against Defendant Light Bulb and enter a permanent injunction prohibiting Defendant Light Bulb "from using or infringing upon Plaintiff's registered service mark, Light Bulb Depot."  Fed. R. Civ. P. 55(b)(2) provides that a party entitled to a judgment by default may apply to the court for such judgment, but that if:

> in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account . . . or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings . . . as it deems necessary and proper . . . .

Fed. R. Civ. P. 55(b)(2).  Accordingly, the Court will hold a hearing on Plaintiff's application for a default judgment and permanent injunction on Thursday, January 26, 2006, at 9:00 a.m.

IT IS SO ORDERED this 17th day of January, 2006.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE